KITCHENS, PRESIDING JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:
 

 ¶19. Respectfully, I concur in part and dissent in part. The Barham-Gunn families' circuit court action included a request for a declaratory judgment to answer the question of who owns the lignite at issue. Mississippi Power Company's quiet title action in chancery court also sought a determination of ownership of the lignite. The majority and dissenting opinions agree that genuine issues of material fact exist about who owns the lignite. Therefore, I would hold that this case should be reversed and remanded to the Chancery Court of Kemper County for a determination of the lignite's ownership. I also would reverse the grant of summary judgment on the inverse condemnation claim and would remand that claim to chancery court.
 

 ¶20. I agree with the majority opinion that the circuit court correctly transferred the circuit court lawsuit to chancery court. I agree with the majority's conclusion that, even if the Barham-Gunn families are deemed the owners of the lignite, they have no present right to mine it under the Mississippi Surface Coal Mining and Reclamation of Land Act. But the present inaccessibility of the lignite does not render it valueless. I agree with Justice Chamberlin that summary judgment was inappropriate on the inverse condemnation claim, although the families have not produced evidence that, if they own the lignite, it has any value. Once discovery proceeds on the issue of value, the families will have the opportunity to produce evidence beyond mere speculation that the lignite does have some value, although it cannot be mined by them at present. It can, of course, be mined and marketed by the surface owner.
 

 ¶21. The majority finds the ownership issue moot because the families cannot mine the lignite. It declares that, without "proof of value to monetize the lignite, which they were barred from mining," the families were not entitled to an ownership determination. But a thing does not have to be valuable in the marketplace in order for someone to own it. Regardless of whether the families have a present right to mine the lignite, they are entitled to a determination of ownership. All litigants in this state have the "right to petition a court to confirm and quiet title to ... disputed property."
 
 Mize v. Westbrook Const. Co. of Oxford,LLC
 
 ,
 
 146 So.3d 344
 
 , 350 (Miss. 2014). The Barham-Gunn
 families have a right, guaranteed by the Mississippi Constitution, to the legal resolution of their honest dispute about ownership of the lignite.
 

 Id.
 

 ¶22. The families may wish to secure an ownership determination because, although they cannot mine the lignite today, they or their successors in interest may acquire the right to do so at some future time. The need for a determination of ownership in this case is more easily grasped by imagining the substance at issue to be gold, not lignite. If, in bygone times, the entrance to a gold mine had collapsed, rendering the gold inaccessible, any purported owners of the gold would be entitled to bring a quiet title action to resolve the question of its ownership. The gold, although rendered temporarily valueless by the mine's collapse, foreseeably could become valuable in the future as the result of technological advances in equipment necessary to gain access to it. Although gold provides a simplistic example, history is replete with instances of once-valueless elements or minerals that later became valuable. For example, the mining of uranium flourished after the discovery that it could be converted to plutonium by means of a nuclear reactor.
 
 Uranium Mining
 
 , Atomic Heritage Foundation (July 30, 2018), https://www.atomicheritage.org/history/uranium-mining. Prior to that discovery, uranium had little if any value.
 

 ¶23. Regardless, under our constitution, a citizen is entitled to a judicial resolution of an ownership dispute even if the property right at issue has no value at all.
 
 Mize
 
 ,
 
 146 So.3d at 350
 
 . Whatever the families' reason for desiring a determination of ownership, they are entitled to one. I would remand the issues of ownership and inverse condemnation for determination by the chancery court.
 

 KING, P.J., JOINS THIS OPINION. COLEMAN AND CHAMBERLIN, JJ., JOIN THIS OPINION IN PART.